# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TASHA SPEARS, individually and d/b/a QUE-DEE'Z SPORTS LOUNGE; and QUE-DEE'Z SPORTS LOUNGE, LLC, d/b/a QUE-DEE'Z SPORTS LOUNGE; <br><br> Defendants. | Case No. CIV-18-126-D |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment [Doc. No. 14], which is accompanied by supporting documentation [Doc. No. 15]. Plaintiff J&J Sports Productions, Inc. seeks the entry of a judgment pursuant to Fed. R. Civ. P. 55(b) against Defendants Tasha Spears, individually and d/b/a Que-Dee'z Sports Lounge, and Que-Dee'z Sports Lounge, LLC d/b/a Que-Dee'z Sports Lounge, for awards of damages, attorney fees, and costs. Upon consideration of the Motion and supporting documents, the Court finds that the Motion should be GRANTED on the existing record.

Plaintiff brings claims pursuant to the Communications Act of 1934 as amended, 47 U.S.C. § 605, and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. Plaintiff alleges it held exclusive nationwide commercial distribution rights to the telecast of *Jessie Vargas v. Manny Pacquiao WBO World Welterweight Championship Fight Program* on November 5, 2016 (the "Program"), and that Defendants

unlawfully intercepted, published and exhibited the Program. The case record reflects that Defendants were timely served and that the time for Defendants to answer or otherwise respond has expired. Defendants have neither appeared nor filed any motion or pleading. The Clerk entered the defaults of Defendants pursuant to Fed. R. Civ. P. 55(a) on August 3, 2018, and August 28, 2018. *See* Clerk's Entry of Default [Doc. Nos. 11 & 13].

Plaintiff filed its Motion and supporting brief on September 4, 2018. The Motion reflects that it was mailed to Defendants at their last known addresses. No timely response to the Motion has been made, and pursuant to LCvR7.1(g), the Court deems it confessed.

Upon consideration, the Court finds that Plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b). By not answering or responding, Defendants have admitted the well-pleaded factual allegations of the Complaint. *See Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) (citing Fed. R. Civ. P. 8(d) (now Fed. R. Civ. P. 8(b)(6)). Thus, Defendants have admitted the violation of 47 U.S.C. § 605(a), as alleged in Count I, resulting from the unlawful interception and exhibition of the Program licensed for distribution by Plaintiff.[1]

The Complaint and the evidence submitted in support of Plaintiff's Motion establish that on Saturday, November 5, 2016, Defendants exhibited the Program on eight televisions in a commercial establishment located at 1908 SW Lee Boulevard in Lawton, Oklahoma.

---

[1] Although Plaintiff has also brought a claim under 47 U.S.C. § 553, Plaintiff seeks by its Motion only awards of statutory and enhanced damages under 47 U.S.C. § 605. The Court notes that district courts have found it would be an improper award of duplicative damages to allow recovery under both statutes. *See, e.g., Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008).

During the Program, Defendants collected a $5.00 cover charge for patrons to enter the establishment. The broadcast of the Program was encrypted, and therefore, Defendants' interception and exhibition of the Program was willful. Based on this evidence, the Court finds Defendant committed a single violation of 47 U.S.C. § 605(a). *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) ("[M]ost cases applying the statute in a commercial context have interpreted the showing of an event on a single night as one violation.") (citations omitted).

By its Motion, Plaintiff elects to recover damages as provided under 47 U.S.C. § 605(e)(3)(C)(i)(II), which authorizes an award of statutory damages for each violation of § 605(a) "in a sum of not less than $1,000 or more than $10,000, as the court considers just." Plaintiff requests that the Court award the maximum amount of $10,000 permitted under the statute. Plaintiff presents evidence that establishes the required commercial sub-license fee for Defendants to broadcast the Program would have been $2,000. *See* Gagliardi Affidavit [Doc. No. 15-1], ¶ 8. The evidence further shows the number of patrons present in the establishment for the broadcast was minimal (a maximum of 4 people) but the capacity of the establishment was approximately 53 people. *See* Latham Aff. [Doc. No. 15-2]. Defendants charged a $ 5.00 admission fee, and $3.00 to purchase a beer. *Id*.

Upon consideration of facts shown by Plaintiff's Motion and evidence, the Court finds that an award of statutory damages is proper, and that Plaintiff should recover the maximum statutory award of $10,000. This amount is sufficient to compensate Plaintiff for the cost of the commercial sub-license fee and to disgorge Defendants of any financial benefits resulting from the unlawful broadcast. This award is consistent with other statutory damages awarded

to Plaintiff for similar violations based upon facts like those presented here. *See J&J Sports Prods., Inc. v. Garcia*, No. CIV-14-806-D, 2015 WL 1800534, *2 (W.D. Okla. April 16, 2015) (and cases cited therein).

Because Defendants' conduct was willful, the Court also finds that Plaintiff is entitled to enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff requests an enhancement award of $100,000.00 – the maximum amount allowed under the statute. The record contains no evidence that Defendants have engaged in similar conduct or unlawfully shown similar programs on prior occasions. Further, there is no evidence that Defendants derived a significant profit. On the record presented, the Court finds an award of enhanced damages in the amount of $10,000 is proper to sufficiently punish Defendants for the illegal conduct and deter future violations. *See Garcia*, 2015 WL 1800534 at *2 (awarding same amount of enhanced damages on similar grounds).

Based on the foregoing, Plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's counsel has submitted declarations setting forth a description of the work performed, the hourly rates charged, and the costs incurred. *See* Weintraub Decls. [Doc. Nos. 15-5 and 15-6]. The Court finds the amounts sought are reasonable, and awards attorney fees in the amount of $2,010.00 and costs in the amount of $689.89.

IT IS THERFORE ORDERED that Plaintiff's Motion for Default Judgment [Doc. Nos. 14] is GRANTED. Plaintiff J & J Sports Productions, Inc. is entitled to a judgment pursuant to Fed. R. Civ. P. 55(b) against Defendants Tasha Spears, individually and d/b/a

Que-Dee'z Sports Lounge and Que-Dee'z Sports Lounge, LLC d/b/a Que-Dee'z Sports Lounge for their violations of 47 U.S.C. § 605 as follows:

(1) statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(2) enhanced statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

(3) attorney fees in the amount of $2,010.00 and costs in the amount of $689.89 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

IT IS SO ORDERED this 1st day of October, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE