IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TASHA SPEARS, individually and d/b/a ) <br> QUE-DEE'Z SPORTS LOUNGE; *et al.*, ) <br> ) <br> Defendants. ) | Case No. CIV-18-126-D |

# **O R D E R**

Before the Court is Defendant's Motion to Vacate Default Judgment [Doc. No. 18], filed by Defendant Tasha Spears. Plaintiff has timely opposed the Motion [Doc. No. 19], and Defendant has replied [Doc. No. 20]. Thus, the matter is at issue.

## Background

The Court entered the Default Judgment [Doc. No. 17] against all defendants on October 1, 2018, for statutory damages under the Communications Act of 1934 as amended, 42 U.S.C. § 605, plus attorney fees and costs, in the total amount of $22,709.89. The Court determined based on Plaintiff's motion under Fed. R. Civ. P. 55(b), supporting evidence, and the case record, that Defendants willfully violated § 605(a) through the unlawful interception and exhibition of an encrypted broadcast of *Jessie Vargas v. Manny Pacquiao WBO World Welterweight Championship Fight Program* on November 5, 2016, in their commercial establishment located at 1908 SW Lee Boulevard in Lawton, Oklahoma. From the facts presented, the Court determined that Plaintiff was entitled to recover the

maximum statutory award of $10,000.000 and an enhancement of $10,000.00 due to willful conduct, together with an award of reasonable attorney fees and costs. *See* Order of Oct. 1, 2018 [Doc. No. 16] at 3-4. In granting Plaintiff's motion for default judgment, the Court found that Defendants were timely served, the deadline to answer had expired, the motion was mailed to Defendants' last known addresses, and they had made no response. *Id*. at 2.

More than four years later, on March 3, 2023, Defendant Tasha Spears filed the present Motion pursuant to Fed. R. Civ. P. 60(b).[1] In an attached declaration, Defendant attests that she has lived in Colorado Springs, Colorado, since July 2017 and was unaware of this lawsuit until she received correspondence in February 2023 demanding satisfaction of the judgment and she "ma[de] inquiries on or about February 15, 2023." *See* Spears Decl. [Doc. No. 18-1] ¶¶ 1, 13-18. Defendant states that, although she lived in Lawton and had an ownership interest in the commercial establishment (Que-Dee'z Sports Lounge) at the time of the broadcast, she relinquished management and control over the business to attend nursing school in 2016, she "had very little involvement with running the day-to-day operations of the Lounge" while she was in nursing school, and she does not recall anything about purchasing a license for the broadcast, exhibiting the broadcast at the lounge, or receiving revenue from it. *Id*. ¶¶ 2-12. Defendant asks the Court to vacate the Default Judgment because 1) Plaintiff's service of process did not satisfy the statutory requirements and failed to establish jurisdiction, so any judgment is void, and 2) she "did not have actual notice of the legal proceedings or the Default Judgment until recently."

---

[1] The Motion is silent concerning Defendant Que-Dee'z Sports Lounge, LLC. Because Ms. Spears is the movant, all references in this Order to "Defendant" mean Ms. Spears.

*See* Def.'s Mot. at 1 (emphasis omitted); *id*. at 5 (because service was deficient "the resulting Default Judgment is void").

Plaintiff responds by asserting that Defendant was validly served with process under Oklahoma law in substantial compliance with the statute regarding service by publication, that Defendant does not raise any meritorious defense to Plaintiff's claims, and that Plaintiff would be prejudiced by vacating the default judgment at this late date. Plaintiff contends Defendant fails to show she satisfies all prerequisites to relief under Rule 60(b).[2]

## Standard of Decision

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). While Defendant's Motion and opening brief are not entirely clear, her reply brief emphasizes that Defendant seeks relief on the ground "the Default Judgment is *void* because the published notice upon which the Court's jurisdiction was predicated" did not comply with Oklahoma law. *See* Reply Br. at 1, 3 and 5 ("any judgment obtained by the Plaintiff based on [the published] notice is *void*") (emphasis in original). Vacating a void judgment is expressly authorized by Rule 60(b)(4).

The Tenth Circuit has explained the application of Rule 60(b)(4) in a case involving allegations of invalid service as follows:

> "[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant*.*" *United States v. Bigford*, 365 F.3d 859,

---

[2] Plaintiff also makes a conclusory assertion that the Motion is time-barred. *See* Resp. Br. at 7. Because the one-year time limit for relief under Rule 60(b)(1)-(3) does not apply, however, Defendant's Motion is timely if it was "made within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). Plaintiff does not assert that Defendant's delay was unreasonable under the circumstances. Thus, the Court finds no basis to consider an alleged time bar.

3

> 865 (10th Cir. 2004) (emphasis and quotation omitted). And "service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). Rule 4 permits service of a summons and complaint upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

*Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008). Where a plaintiff attempts service under state law but fails to comply with that law, the district court does not obtain personal jurisdiction over the defendants and must vacate a default judgment against them. *Id*. at 802. Unlike other Rule 60(b) motions, "[w]here Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter; it is mandatory[.]'" *Id*. (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)).[3]

In this case, Plaintiff served Defendant with process under Oklahoma law and, specifically, a statute authorizing service by publication, Okla. Stat. tit. 12, § 2004(C)(3). This method is only available "when it is stated in the petition . . . or in a separate affidavit by the plaintiff or the plaintiff's attorney filed with the court, that with due diligence service cannot be made upon the defendant by any other method." *Id*. § 2004(C)(3)(a). The

---

[3] Defendant alternatively invokes Rule 60(b)(6) and advocates a standard identified in *United States v. Timbers Preserve*, 999 F.2d 452 (10th Cir. 1993). *See* Mot. at 6-8. "Courts have established three requirements which must be met when setting aside a default judgment under Rule 60(b): 1) the moving party's culpable conduct did not cause the default; 2) the moving party has a meritorious defense; and 3) the non-moving party will not be prejudiced by setting aside the judgment." *Timbers Preserve*, 999 F.2d at 454. However, Rule 60(b)(6) is a catch-all provision that authorizes relief from a judgment for "any other reason that justifies relief." According to the Supreme Court, this provision "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). Because Rule 60(b)(4) applies to Defendant's asserted ground for vacating the Default Judgment, Rule 60(b)(6) is not available to obtain relief.

statute requires "publication of a notice signed by the court clerk" for a specified time "in a newspaper authorized by law to publish legal notices." *Id*. § 2004(C)(3)(c).  Also, the statute mandates the contents of the notice and, as pertinent here, requires the following information:

> The notice shall also state that the named defendants . . . have been sued and must answer the petition on or before a time to be stated . . . or judgment, the nature of which shall be stated, will be rendered accordingly. . . .
>
> (1)   When the recovery of money is sought, it is not necessary for the publication notice to state the separate items involved, but the total amount that is claimed must be stated. . . .

*Id*. § 2004(C)(3)(c).  In assessing the sufficiency of Plaintiff's service under Oklahoma law, the Court must determine whether Plaintiff substantially complied with the statutory requirements.  *See Hukill*, 542 F.3d at 798 ("Oklahoma applies the rule of substantial compliance").

**Discussion**

Defendant identifies a single defect in Plaintiff's service by publication, that is, the notice did not "adhere to the requirements of Okla. Stat. tit. 12, § 2004(C)(3)(c), . . . to state the 'total amount claimed' if the suit seeks recovery of money."  *See* Mot. at 4-5. Specifically, "the notice published by Plaintiff does not state the amount of damages sought against Defendant," but states only that if Defendants fail to answer, "a judgment will be entered by default for some unspecified amount of statutory damages, costs, and attorney fees prayed for in the complaint."  *Id*. at 5 (emphasis omitted); *see* Reply Br. at 1 ("the published notice . . . failed to state the total amount of damages Plaintiff sought to recover against her, as mandated by Oklahoma law").

Plaintiff admits the notice "did not specify the exact amount of damages sought" but, instead, stated that a default judgment for damages available under the cited federal statutes would be entered. *See* Resp. Br. at 3. Plaintiff asserts this "technical defect" is not fatal to its service of Defendant by publication under the totality of circumstances, and substantial compliance occurred. *Id*. at 4-6. Plaintiff's position is: "The technical defect of saying 'statutory damages' instead of the literal amount of damages in no way impacts [a] conclusion" that Defendant received sufficient notice of Plaintiff's action. *Id*. at 6.

Neither party cites controlling legal authority for its position. Defendant primarily relies on *Mare Oil Co. v. Deep Blue Royalties, LLC*, 2003 OK CIV APP 21, 65 P.3d 294. In so doing, Defendant misstates the holding of that case, in which the plaintiff properly served the defendants by publication and obtained a default judgment to collect a debt and foreclose an interest in collateral. *Id*. ¶ 15, 65 P.3d at 298. The court of appeals held that the plaintiff could not obtain a deficiency judgment after the collateral was sold for less than the amount of the debt because the nonresident defendants were not subject to personal jurisdiction within the state, so the default judgment operated only as an *in rem* judgment. *Id*. ¶ 21, 65 P.3d at 299.[4] The court found no defect in the service by

---

[4] This reading of *Mare* flows from the stated reasons why a deficiency judgment was not available: "[A]bsent a general appearance by [defendant] that would amount to a waiver of its objection to personal jurisdiction, 12 O.S.2001 § 2004(C)(3)(h), and *Rose v. Walker*, 1963 OK 39, 380 P.2d 702, would apply to preclude the entry of a deficiency judgment." *Id*. The cited statute provides: "Service outside of the state does not give the court in personal [sic] jurisdiction over a defendant who is not subject to the jurisdiction of the courts of this state or who has not, either in person or through an agent, submitted to the jurisdiction of the courts of this state." Okla. Stat. tit. 12, § 2004(C)(3)(h).

publication in *Mare* and no flaw in the default judgment entered based on that service. The Court finds that *Mare* is inapposite to the issues presented in this case.

Defendant string-cites other Oklahoma cases that are unhelpful; none was an action to recover money in which the published notice allegedly failed to state the amount claimed. *See* Reply Br. at 4. Defendant appears to cite *Public Finance Co. v. Jump*, 1943 OK 162, 136 P.2d 706, for the proposition that substantial compliance is not met if the notice "fails to specify the amount of funds the plaintiff seeks through the lawsuit." *See* Reply Br. at 4. However, that case was a garnishment and attachment action, and the published notice failed to identify the property to be seized. *Id*., 136 P.2d at 710. Another cited case, *Walters v. Weaver*, 1950 OK 320, 226 P.2d 931, 934, involved a lien claim, and the notice failed to identify the basis for the lien or describe the property held as collateral. Finally, in *Velasco v. Ruiz*, 2019 OK 46, 457 P.3d 1014, the plaintiff's notice by publication was defective because it stated an incorrect deadline to answer, giving the defendant only 28 days. The court found the statutory time period "is a matter of right" and the "violation of such a substantial right undermines jurisdiction." *Id.* ¶ 12, 457 P.3d at 1019. Based on this flaw, a "multitude of legal errors" by plaintiff's counsel, and "no substantial hardship" to the plaintiff, the court held it was reversible error for the district court to deny a timely motion to vacate the default judgment. *Id*. ¶ 15, 457 P.3d at 1020.[5]

Plaintiff's authorities do not discuss the substantial compliance standard but, instead, address the requirement of due process. *See* Resp. Br. at 4-6. Plaintiff primarily

---

[5] Notably, only *Velasco* post-dates the rule of substantial compliance adopted in *Graff v. Kelly*, 1991 OK 71, 814 P.2d 489, 495, and arguably addresses what is necessary to satisfy that standard.

7

relies on *Tucker v. New Dominion, LLC*, 2010 OK 14, 230 P.3d 882, which involved a publication notice given to property owners in a proceeding before the Oklahoma Corporation Commission, and considered whether an owner whose name was misspelled received sufficient notice to satisfy due process. The supreme court stated: "The test in determining if the requirements of due process have been met is whether, under all the circumstances, the person being summoned would have recognized that she was being haled into court." *Id*. ¶ 14, 230 P.3d at 886.[6]

Turning to the question presented, the Court looks first to *Hukill*. There, applying Oklahoma law, the Tenth Circuit examined when allegedly defective service fails to substantially comply with state law and renders a default judgment void. The court of appeals looked to *Graff v. Kelly*, 1991 OK 71, 814 P.2d 489, and its progeny for controlling statements of Oklahoma law. "The Oklahoma Supreme Court applied a three-part test to determine whether the service was sufficient: '(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?'" *Hukill*, 524 F.3d at 799 (quoting *Graff*, 814 P.2d at 493). This test provides a sequential analysis; if the answer to the second question is "no," there is no need to address the question of due process. *Id*.

In this case, it is undisputed that Plaintiff complied with the procedural requirements of the applicable statute, § 2004(C)(3)(c), by filing an affidavit of its attorney regarding

---

[6] In *Tucker*, the notice named "Olinka Hardy" instead of "Olinka Hrdy" and correctly described the subject property. The court found that "[t]he publication notice here met the requirements of due process" because "neither Ms. Hrdy nor [her successors] would have been mislead by the misspelling and would have recognized that Ms. Hrdy's property could be affected by the Commission proceedings." *Id*. ¶ 21, 230 P.3d at 887.

diligent but unsuccessful efforts to complete service of Defendants and then publishing in The Lawton Constitution a copy of the Court's Order and Notice for Service by Publication [Doc. No. 8] in its entirety.[7] The published notice stated in part:

> Defendants Tasha Spears, individually and d/b/a Que-Dee'z Sports Lounge and Que-Dee'z Sports Lounge, LLC d/b/a Que-Dee'z Sports Lounge have been sued for signal piracy in violation of 47 U.S.C. § 605 et seq. (the Communications Act of 1934, as amended) and/or 47 U.S.C. § 553 (the Cable and Television Consumer Protection and Competition Act of 1992, as amended) by the interception and display of the signal for *Jessie Vargas v. Manny WBO World Welterweight Championship Fight Program*, telecast nationwide which took place on Saturday, November 5, 2016, at Que-Dee'z Sports Lounge operating at 1908 SW Lee Boulevard in Lawton, Comanche County, Oklahoma.
>
>     \*    \*    \*
>
> IT IS THEREFORE ORDERED that Plaintiff shall obtain service upon above-named Defendants by publication of a copy of this Order and Notice one day a week for three consecutive weeks in a newspaper authorized by law to publish legal notices or by a newspaper of general circulation in Comanche County, State of Oklahoma.
>
> IT IS FURTHER ORDERED that the above-named Defendants must answer Plaintiff's Complaint within 60 days from the date of this Order and Notice, or a judgment will be entered by default against said Defendants for statutory damages and costs of Plaintiff's action, including attorney fees, as prayed for in the Complaint.

*See* Proof of Publ'n [Doc. No. 9].

The only flaw that Defendant identifies in the notice is a failure to state the total amount claimed in an action for the recovery of money, as required by § 2004(C)(3)(c)(1). The Court's research has uncovered only one published decision regarding the application of this provision. In *Read v. Read*, 2001 OK 87, 57 P.3d 561, the Oklahoma Supreme

---

[7] Although the Notice was signed by a judge rather than a court clerk, as required by the statute, no party alleges this deviation is significant.

9

Court considered an argument regarding the validity of a default judgment that established a father's obligation to pay child support, which judgment was based on service of process by publication. The father argued, in part, that the published notice failed to comply with statutory requirements of § 2004(C)(3)(c)(1) for an action where the recovery of money is sought. *Read*, 2001 OK 87, ¶ 17, 57 P.3d at 568. The court rejected this contention: "A divorce proceeding in which child support is an issue is not a common-law action for the recovery of money. Hence, the notice requirement of . . . § 2004(C)(3)(c)(1) is not a jurisdictional prerequisite for a valid child support order." *Read*, 2001 OK 87, ¶ 19, 57 P.3d at 568. The court also rejected the father's claim of error in the trial court's award of child support greater than the amount sought in the petition:

> By force of statute, child support – its award and amount – is always within the issues framed by a divorce petition where the parties have minor children. The appropriate amount of support is left to the sound judicial discretion of the trial judge. That discretion . . . is not limited by the amount of child support requested in a divorce petition's prayer for relief. If the trial court erred in the amount of child support due from [the father], the error was one of law, not of jurisdiction, which should have been raised on appeal or in a vacation proceeding brought within the three (3) year limitation period.

*Id.*, ¶ 18, 57 P.3d at 568 (footnotes omitted).

Similarly, this case was not an action to recover money due, but to remedy a violation of rights that exist only under federal statutes. Plaintiff did not seek to recover damages for Defendant's alleged nonpayment of money owed (such as a license fee) but to obtain a discretionary award of statutory damages that were judged to be appropriate under the circumstances. Under *Read*, the notice prescribed by § 2004(C)(3)(c)(1) was not a jurisdictional prerequisite for entry of a valid judgment. Thus, Plaintiff's alleged

noncompliance with that provision does not preclude a finding that Plaintiff's service by publication of Defendant substantially complied with the statute.

Turning to the third question of due process, the Court agrees with Plaintiff that Defendant has not shown the service by publication was constitutionally defective. The due process clauses of the federal and state constitutions "require notice and an opportunity to be heard." *Tucker*, 2010 OK 14, ¶ 14, 230 P.3d at 886. "Due process 'requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.'" *Id*. (quoting *Shamblin v. Beasley*, 1998 OK 88, ¶ 12, 967 P.2d at 1209; *Booth v. McKnight*, 2003 OK 49, ¶ 20, 70 P.3d 855, 862.) "The test in determining if the requirements of due process have been met is whether, under all the circumstances, the person being summoned would have recognized that she was being haled into court." *Id*. (citing *Collingsworth v. Hutchison*, 1939 OK 17, ¶ 7, 90 P.2d 416, 418).

Defendant has not identified any circumstance that would have prevented her from understanding, if she or her associates had read the published notice, that she was being sued in this action and was obliged to answer within a set period. The fact that Defendant "had no actual knowledge of the case and did not in fact examine the published notice . . . does not affect the question" presented. *See Collingsworth*, 90 P.2d at 418. The Court is not persuaded by Defendant's argument that insufficient notice of the specific relief that could be granted against her – because the published notice merely referred to "statutory" damages – is constitutionally significant. *See* Reply Br. at 5.

11

For these reasons, the Court finds that Defendant has not shown that the Default Judgment should be vacated as void under Rule 60(b)(4).[8]

## Conclusion

The Court finds that Defendant has failed to justify relief from the Default Judgment due to Plaintiff's alleged insufficient service of process.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate Default Judgment [Doc. No. 18] is **DENIED**.

**IT IS SO ORDERED** this 24th day of April, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[8] As previously stated (*supra*, note 3), Defendant alternatively seeks relief under the catch-all provision of Rule 60(b)(6). Were the Court to consider this ground under the standard stated in *Timbers Preserve*, 999 F.2d at 454, as advocated by Defendant (*see* Mot. at 6), the Court would also decline to grant relief under the circumstances, which include a lapse of more than four years from entry of the Default Judgment. A significant consideration in granting relief from a default judgment is whether the movant has a meritorious defense. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) (this requirement serves "to avoid frivolous litigation in default judgment cases"). Here, Defendant has neither tendered an answer to the Complaint nor identified any defense. She instead merely presents a general, conclusory denial that the alleged broadcast occurred or that Plaintiff's statutory rights were violated. However, by Defendant's own account in her declaration, she either does not recall or lacks any personal knowledge of pertinent facts. *See* Spears Decl. ¶¶ 10-12. Thus, her denial is factually unsupported.